COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Luther COMBS, and Bertha Combs, His Wife, Appellees.

Court of Appeals of Kentucky.

March 19, 1971.

Don Duff, Dept. of Highways, Frankfort, Kenneth S. Baker, Dept. of Highways, Jackson, for appellant.

Bruce Stephens, Jr., Duff Arnett, Hazard, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment awarding Luther Combs and wife $12,500 as damages for the taking by condemnation, for highway purposes, of a portion of a tract of land in Perry County owned by the Combses.

■ The primary contention of the appellant department is that the trial court erred in refusing to admit certain testimony offered by the department, which it claims would have shown an enhancement in value of the untaken portion of the appellee's tract. The evidence in question (in the record by avowal) was that the appellees had worked out an arrangement with the *contractor* for the highway project under which the contractor dumped fill materials on the appellees' land next to the portion taken for the highway, thus bringing it up to the level of the fill on which the highway was constructed and eliminating elements of damage that would have existed had the land remained in a depression below the highway fill. The fill materials came from a cut the contractor was making in the area and which his contract required him to haul away to a spillage area, at a specified price per yard. By virtue of the arrangement with the Combses the contractor saved hauling costs and thus profited. In a sense this resulted in the department's conferring a benefit on the contractor, by paying him in contemplation of expenses that he did not in fact incur. But in no sense can it be considered that the *department* conferred a benefit on the *landowners*. Such benefit as they received came solely from acts of the contractor over which the department exercised no control.

It is true that in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844, this court held that the jury should take into consideration "any enhancement in value growing out of the improvement that is attributable to the advantageous relation of the property to the improvement," but plainly this meant enhancements growing out of the improvement in completed form, not those growing out of the manner in which the contractor

chooses to do the *work* of improvement. This meaning was made clear by the statement in Commonwealth, Department of Highways v. Claypool, Ky., 405 S.W.2d 674, that the jury, in determining "after" value, may take into consideration "the probable completion of the improvement project as planned." In the instant case the improvement itself, both as planned and as completed, did not enhance the value of the Combses property. It is our opinion that the circuit court properly refused to admit the evidence.

 The department contends further that the damages are excessive and not supported by the evidence. In substance the department's argument is that sufficient of the value elements that existed before the taking continued to exist, after the taking, to negative there being as much difference in market value as was found by the jury (which was less than the difference testified to by the landowners' witnesses).

The property in question, before the taking, consisted of 4½ acres. It lay in the community of Vicco, across railroad tracks from the business section. It had no improvements at the time of the taking, although previously there had been a house and a structure that some time in the past had been used for commercial purposes. The portion taken by condemnation was located at the end of the parcel nearest the railroad tracks, and it consisted of three-fourths of an acre. The department's witnesses fixed the "before" value at around $26,000 and the "after" value at around $21,000, making a difference of $5,000. The landowners' witnesses fixed the "before" value at around $30,000 and the "after" value at $10,000, making a difference of $20,000. The jury found the "before" value to be $30,000 and the "after" value to be $17,500, awarding $12,500 for the difference.

We do not consider it necessary further to detail the facts. It is sufficient to say that there was evidence that proximity to the business section of the community no longer existed after the taking, and that a portion of the remaining tract no longer had access to any street except over an unbridged creek. We think that this evidence warranted a finding that the tract after the taking was lacking of substantial value elements that existed before the taking, in addition to lacking the value of the portion of the land that actually was taken, and that this supported the jury's finding of the amount of difference in market values before and after the taking. The department's argument, that the remaining tract lost no value elements, is predicated on the theory that the only effect of the taking upon the remaining land was to block out a view of the railroad tracks, which was a benefit rather than a detriment. As pointed out above, however, we find acceptable evidence of other losses of value elements.

The judgment is affirmed.

All concur.